IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VICTOR T. WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>NEIL WARREN, *Cobb County Sheriff*, and VICTOR WILLIAMS, *District Attorney*,<br><br>Defendants. | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983<br><br>CIVIL ACTION FILE NO.<br>1:16-CV-4657-TWT-JKL |

## **ORDER AND FINAL REPORT AND RECOMMENDATION**

Plaintiff Victor T. Williams, confined in the Cobb County Adult Detention Center in Marietta, Georgia, has submitted a 42 U.S.C. § 1983 civil rights complaint. [Doc. 1.] The Court has granted Plaintiff leave to proceed without prepayment of filing fees. [Doc. 6.] After being directed by the Court to submit an amended complaint, Plaintiff filed a motion for leave to amend as well as an amended complaint on March 20, 2017. [Docs. 8, 9.] Plaintiff's motion for leave to amend is **GRANTED**. This matter is now before the Court for an initial screening of the amended complaint under 28 U.S.C. § 1915A.

## I. STANDARD OF REVIEW

The Court is required to screen "as soon as practicable" a prisoner complaint that "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). However, the Court must dismiss a prisoner complaint that is either (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy those requirements, or fails to provide supporting factual allegations, then the complaint is subject to dismissal for failure to state a claim. *See Bell v. Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that a complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 681-84 (2009) (holding that *Twombly* "expounded the pleading standard for 'all civil actions,'" to wit, conclusory

allegations that "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible'"); *Papason v. Allain*, 478 U.S. 265, 286 (1986) (accepting as true only plaintiff's factual contentions, but not his or her legal conclusions couched as factual allegations); *Beck v. Interstate Brands Corp.*, 953 F.2d 1275, 1276 (11th Cir. 1992) (per curiam) (noting that courts are "not permitted to read into the complaint facts that are not there").

According to the Complaint,[1] Defendants have violated Plaintiff's First and Eleventh Amendment rights by using the name VICTOR WILLIAMS in all capital letters. He also claims they have violated his UCC filing, which is attached to the complaint as an exhibit. He seeks $150,000.00 in damages.

Plaintiff fails to state a plausible claim for the violation of a constitutional right. Plaintiff's allegations are consistent with "sovereign citizen" ideology, which is not recognized by the federal courts. *See e.g., Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3d Cir. 2008) (indicating that adherents of the "sovereign citizen theory" advocate that inmates copyright their names to justify filing liens against

---

[1] The factual allegations are taken from Plaintiff's complaint and are presumed true for the purposes of § 1915A screening. *See Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2001).

officials using their names in court papers); *Santiago v. Century 21/PHH Mortg.*, No. 1:12-CV-2792-KOB, 2013 WL 1281776, at *4-5 (N.D. Ala. Mar. 27, 2013) (recognizing plaintiff's argument that name used by mortgage company is not authorized for use by any agency or person as consistent with the "'sovereign citizen' movement" and that such theories "are not established law in this court or anywhere in this country's valid legal system").

Plaintiff has filed a motion for appointment of counsel. [Doc. 3.] Prisoners pursuing civil rights actions have no absolute constitutional right to the appointment of counsel. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel in civil cases is "a privilege justified only by exceptional circumstances such as the presence of facts and legal issues . . . so novel or complex as to require the assistance of a trained practitioner." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (*citing Poole*, 819 F.2d at 1028) (internal quotation marks omitted). Plaintiff has not demonstrated that this case presents such exceptional circumstances as to warrant appointment of counsel.

Based on the foregoing, the undersigned **RECOMMENDS** that this case be **DISMISSED** for failure to state a claim**.**  Plaintiff's motion to amend [8] is **GRANTED**.  Plaintiff's motion for appointment of counsel [3] is **DENIED**.  The Clerk is **DIRECTED** to terminate the reference to the undersigned.

**IT IS SO RECOMMENDED** this 28th day of March, 2017.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE